IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| CYBELE GENERAL PARTNERSHIP | : | Case No. 05-90432-TJC |
| | : | (Chapter 11) |
| Debtor | : | |
| _____ | : | |
| | : | |
| CYBELE GENERAL PARTNERSHIP | : | |
| c/o Gary A. Rosen, Trustee for Minh Vu Hoang | : | |
| and Thanh Hoang | : | |
| One Church Street | : | |
| Suite 802 | : | |
| Rockville, MD 20850 | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Adversary Proceeding |
| | : | No. _____ |
| ROCKY LIMITED LIABILITY COMPANY | : | |
| 9115 Bradford Road | : | |
| Silver Spring, MD 20817 | : | |
| SERVE: Chau Thien Hoang, Resident Agent | : | |
| 9101 Clewerwall Drive | : | |
| Bethesda, MD 20817 | : | |
| | : | |
| Defendant | : | |

**COMPLAINT SEEKING ORDER AVOIDING TRANSFER**
**OF INTEREST IN PROPERTY AND FOR RELATED RELIEF**

Cybele General Partnership, by Gary A. Rosen, Chapter 7 Trustee for Minh Vu Hoang and Thanh Hoang, by undersigned counsel, files this Complaint Seeking Order Avoiding Transfer of Interest in Property and for Related Relief, and states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. §1334, 28 U.S.C. §157, U.S. District Court Local Rule No. 402 and 11 U.S.C. §§544, 547, 548 and 550.

2. Further, this adversary proceeding is a "core proceeding" pursuant to the provisions of 28 U.S.C. §§157(b)(2)(A), (H) and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

**Parties**

4. By Order entered September 23, 2005 in the case of Thanh Hoang ("Thanh"), Gary A. Rosen was appointed Chapter 7 Trustee therein.

5. By Order entered August 31, 2005 in the case of Minh Vu Hoang ("Minh", Gary A. Rosen was appointed Chapter 7 Trustee therein.

6. By Order dated September 28, 2005, this Court ordered the joint administration of the cases for Thanh Hoang and Minh Vu Hoang under Case No. 05-21078-TJC.

7. Cybele General Partnership ("Cybele") is a Maryland general partnership.

8. As Trustee for Thanh and Minh, the undersigned filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code for Cybele on or about December 1, 2005.

9. The Defendant is Rocky Limited Liability Company ("Rocky"), a Maryland limited liability company.

**Facts Common To All Counts**

10. On or about December 14, 2004, L. Darren Goldberg, Substitute Trustee et al. ("Goldberg") and Alex Cooper Auctioneers ("Alex Cooper") caused to be sold the improved real property located at 14517 Marlborough Circle, Upper Marlboro, Maryland 20772 (the "Marlborough Circle Property") at public auction sale.

11. At the sale conducted as aforesaid, the successful purchaser of the Marlborough Circle Property was Cybele, with the highest and best bid of $139,000.00.

12. On or about July 29, 2005, Cybele consummated closing on the Marlborough Circle Property, tendering the required monies to Goldberg.

13. Also, on or about July 29, 2005, settlement occurred whereby the Marlborough Circle Property was sold to Thomas E. Robinson & Evangeline G. Robinson by Cybele for $190,000.00. (A copy of the Settlement Sheet for that settlement is attached hereto as Exhibit A.)

14. Following that July 29, 2005 settlement, and from the proceeds of that settlement due Cybele, on August 22, 2005, funds in the amount of $184,463.79 (the "Funds") were wired to Rocky LLC to its account at SunTrust Bank. (A copy of an Itemized Disbursement Statement evidencing the transfer to Rocky LLC is attached hereto as Exhibit B.)

15. Cybele had an interest in the Funds transferred to the Defendant, and in fact, were the assets and property of Cybele.

16. Upon information and belief, the Debtor Cybele received no consideration in exchange for the transfer of the $184,463.79 to the Defendant.

17. Included among the body of creditors herein are numerous creditors holding

unsecured claims allowable under 11 U.S.C. §502, or disallowable only under 11 U.S.C. §502(e); which said creditors are authorized as a matter of law to advance those causes of action detailed in this Complaint.

18. Cybele was insolvent at the time of the transfer pursuant to 11 U.S.C. §101(32)(B).

### Count I
### [Avoidance of Fraudulent Conveyance - Maryland Uniform Fraudulent Conveyance Act, Maryland Code, Commercial Law Article 15-204]

19. The Plaintiff herein incorporates by reference all of the allegations set forth in Paragraphs 1 through 18, *supra*, as if fully set forth in the body of this Count I.

20. The transfer of the funds by the insolvent Debtor Cybele to the Defendant Rocky, as aforesaid, was made without a fair consideration.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court:

1. ORDER pursuant to 11 U.S.C. §544(b), Maryland Uniform Fraudulent Conveyance Act, Maryland Code, Commercial Law Article 15-204 that the transfer by the Debtor unto the Defendant Rocky be AVOIDED.

2. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### Count II
### [Avoidance of Fraudulent Conveyance - Maryland Uniform Fraudulent Conveyance Act, Maryland Code, Commercial Law Article 15-205]

21. The Plaintiff herein incorporates by reference all of the allegations set forth in

paragraphs 1 through 18, *supra*, as if fully set forth in the body of this Court II.

22.     The transfer of the funds by the Debtor, Cybele, to the Defendant, Rocky, as aforesaid, was made without receiving fair consideration in exchange for the transfer and the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to such business or transaction.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court:

1.     ORDER pursuant to 11 U.S.C. §544(b), Maryland Uniform Fraudulent Conveyance Act, Maryland Code, Commercial law Article15-205 that the transfer by the Debtor unto the Defendant Rocky be AVOIDED.

2.     ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### Count III
### [Avoidance of Fraudulent Conveyance - Maryland Uniform Fraudulent Conveyance Act, Maryland Code, Commercial Law Article 15-206]

23.     The Plaintiff herein incorporates by reference all of the allegations set forth in paragraphs 1 through 18, *supra*, as if fully set forth in the body of this Court III.

24.     The aforesaid transfer by the Debtor Cybele unto the Defendant Rocky was made by the Debtor Cybele without fair consideration and it intended to incur, or believed or reasonably should have believed that it would incur debts beyond his ability to pay as the same became due.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court:

1. ORDER pursuant to 11 U.S.C. §544(b), Maryland Uniform Fraudulent Conveyance Act, Maryland Code, Commercial law Article 15-206 that the transfer by the Debtor unto the Defendant Rocky be AVOIDED.

2. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### Count IV
### [Avoidance of Fraudulent Conveyance - Maryland Uniform Fraudulent Conveyance Act, Maryland Code, Commercial Law Article 15-207]

25. The Plaintiff herein incorporates by reference all of the allegations set forth in paragraphs 1 through 18, *supra*, as if fully set forth in the body of this Court IV.

26. The transfer of the funds by the Debtor Cybele unto the Defendant Rocky, as aforesaid was made with actual intent to hinder, delay or defraud creditors of the Debtor.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court:

1. ORDER pursuant to 11 U.S.C. §544(b), Maryland Uniform Fraudulent Conveyance Act, Maryland Code, Commercial law Article 15-207 that the transfer by the Debtor unto the Defendant Rocky be AVOIDED.

2. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### Count V
### [Avoidance of Preferential Transfer - United States Bankruptcy Code 11 U.S.C. §547]

27. The Plaintiff herein incorporates by reference all of the allegations set forth in

Paragraphs 1 through 18, *supra*, as if fully set forth in the body of this Count V.

28. The transfer of the funds by the insolvent Plaintiff to the Defendant Rocky, as aforesaid, was: a) for the benefit of Rocky; b) for or on account of any other antecedent debt owed by Cybele to Rocky before such transfer was made; c) was made while Cybele was insolvent, d) made within one year before the date of the filing of the petition, and e) enabled Rocky to receive more than they would if the case were a case under Chapter 7 and the transfer had not been made.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court:

1. ORDER pursuant to 11 U.S.C. §547, United States Bankruptcy Code that the transfer by the Debtor unto the Defendant Rocky be AVOIDED.

2. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count VI
**[Avoidance of Fraudulent Conveyance - United States Bankruptcy Code 11 U.S.C. §548]**

29. The Plaintiff herein incorporates by reference all of the allegations set forth in Paragraphs 1 through 18, *supra*, as if fully set forth in the body of this Count VI.

30. The Plaintiff received less than a reasonably equivalent value in exchange for the transfer of the funds to the Defendant Rocky.

31. The Plaintiff was insolvent on the date the transfer was made.

32. The Plaintiff was engaged in business or a transaction, or was about to engage in a business or transaction for which any property remaining with the Debtor was an unreasonably

small capital, and the Debtor intended to incur or believed that the Debtor would incur debts that would be beyond the Plaintiff's ability to pay as such debts matured.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court:

1. ORDER pursuant to 11 U.S.C. §548, United States Bankruptcy Code that the transfer by the Debtor unto the Defendant Rocky be AVOIDED.

2. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### Count VII
**[Recovery of Avoided Transfer - United States Bankruptcy Code 11 U.S.C. §550]**

33. The Plaintiff herein incorporates by reference all of the allegations set forth in Paragraphs 1 through 32, *supra*, as if fully set forth in the body of this Count VII.

34. Pursuant to the provisions of 11 U.S.C. §550, your Plaintiff may recover, for the benefit of the Estate, the funds transferred to the Defendant Rocky.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court:

1. ORDER that the Plaintiff recover the funds from the Defendant Rocky in the amount of $184,463.79.

2. ORDER that judgment be entered in the amount of $184,463.79 against Rocky, together with pre- and post-judgment interest and attorneys fees and costs.

3. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

GARY A. ROSEN, CHARTERED


By /s/    Gary A. Rosen
       Gary A. Rosen, Esquire
       One Church Street
       Suite 802
       Rockville, MD 20850
       (301) 251-0202
       grosen@covad.net


SCHLOSSBERG & ASSOCIATES


By /s/    Roger Schlossberg
       Roger Schlossberg, Esquire
       134 West Washington Street
       P. O. Box 4227
       Hagerstown, MD 21741-4227
       301-739-8610
       bkcreditor@schlosslaw.com